**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Angiotech Pharmaceuticals, Inc., | Case No. 11-__________(____) |
| Debtor in a Foreign Proceeding. | |
| In re | Chapter 15 |
| 0741693 B.C. Ltd., | Case No. 11-__________(____) |
| Debtor in a Foreign Proceeding. | |
| In re | Chapter 15 |
| Afmedica, Inc., | Case No. 11-__________(____) |
| Debtor in a Foreign Proceeding. | |
| In re | Chapter 15 |
| American Medical Instruments Holdings, Inc., | Case No. 11-__________(____) |
| Debtor in a Foreign Proceeding. | |
| In re | Chapter 15 |
| Angiotech America, Inc., | Case No. 11-__________(____) |
| Debtor in a Foreign Proceeding. | |

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| Angiotech BioCoatings Corp., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| Angiotech Delaware, Inc., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| Angiotech Florida Holdings, Inc., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| Angiotech International Holdings, Corp., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| Angiotech Pharmaceuticals (US), Inc., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| B.G. Sulzle, Inc., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | Chapter 15 |
| Manan Medical Products, Inc., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | Chapter 15 |
| Medical Device Technologies, Inc., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | Chapter 15 |
| NeuColl Inc., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | Chapter 15 |
| Quill Medical, Inc., | : | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | : | |

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 15 |
| Surgical Specialties Corporation, | : | |
| | : | Case No. 11-__________(___) |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 15 |
| Surgical Specialties Puerto Rico, Inc., | : | |
| | : | Case No. 11-__________(___) |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

**MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b) FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Alvarez & Marsal Canada Inc. in its capacity as the duly authorized monitor and court-appointed foreign representative (the "**Monitor**") for the above-captioned debtors (collectively, the "**Debtors**")[1] in a proceeding (the "**Canadian Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Supreme Court of British Columbia (the "**Canadian Court**"), moves this Court (the "**Motion**") for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 1015(b) of the

[1] The last four digits of the United States Tax Identification Number or Canadian Business Number of the Debtors, as applicable, follow in parentheses: (i) 0741693 B.C. Ltd. (1270); (ii) Afmedica, Inc. (3293); (iii) American Medical Instruments Holdings, Inc. (1114); (iv) Angiotech America, Inc. (4001); (v) Angiotech BioCoatings Corp. (8560); (vi) Angiotech Delaware, Inc. (6401); (vii) Angiotech Florida Holdings, Inc. (9389); (viii) Angiotech International Holdings, Corp. (2274); (ix) Angiotech Pharmaceuticals, Inc. (6269); (x) Angiotech Pharmaceuticals (US), Inc. (9490); (xi) B.G. Sulzle, Inc. (4551); (xii) Manan Medical Products, Inc. (3265); (xiii) Medical Device Technologies, Inc. (3996); (xiv) NeuColl, Inc. (8863); (xv) Quill Medical, Inc. (7914); (xvi) Surgical Specialties Corporation (9848); and (xvii) Surgical Specialties Puerto Rico, Inc. The Debtors' executive headquarters' addresses are 1618 Station Street, Vancouver, BC A1 V6A 1B6, Canada, and 1633 Westlake Avenue North, Suite 400, Seattle Washington 98109.

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only. In support of this Motion, the Monitor relies upon the *Declaration of Todd Martin In Support of: (I) Verified Petitions Under Chapter 15; (II) Motion for Joint Administration; (III) Motion for Provisional and Final Relief In Aid of Canadian Proceeding; and (IV) Motion to Establish Certain Notice Procedures in Connection with Filing of Petitions Under Chapter 15* (the "**Martin Declaration**"), which was filed contemporaneously herewith and is incorporated herein by reference. In further support of the relief requested herein, the Monitor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtors' business in the U.S. is conducted principally through entities organized under Delaware law. Accordingly, venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410(1). The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

2. On January 28, 2011, the Debtors commenced the Canadian Proceeding, and the Canadian Court entered an Order, pursuant to the CCAA, providing various forms of relief thereunder (the "**Initial Order**"). The Canadian Proceeding represents the culmination of a six-month long process in which the Debtors, advised by Blackstone Advisory Services, L.P., Osler, Hoskin & Harcourt LLP and Willkie Farr & Gallagher LLP (collectively, the

"**Restructuring Advisors**"), reached a compromise with 84% of the holders under the Subordinated Note Indenture and 53% of the holders under the Floating Rate Note Indenture (each as defined in the affidavit of K. Thomas Bailey attached to the Martin Declaration as Exhibit B), and entered into recapitalization support agreements with such creditors. Additionally, with the assistance of the Restructuring Advisors, the Debtors have reached a settlement of litigation regarding disputed liabilities arising under the Merger Agreement, by and among Angiotech Pharmaceuticals, Inc., Angiotech Pharmaceuticals (US), Inc, Quaich Acquisition, Inc., and Quill Medical Inc., dated May 25, 2006.

3. Contemporaneously with the filing of this Motion, the Monitor filed a motion requesting: (a) entry of a provisional order applying sections 362 and 365(e) of the Bankruptcy Code in the Chapter 15 Cases on an interim basis; (b) entry of a final order (the "**Recognition Order**") after notice and a hearing (i) granting recognition of the Canadian Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code and enforcing the Initial Order on a permanent basis in the United States, (ii) giving full force and effect to the Initial Order, and (iii) granting certain protection to the Debtors' postpetition lenders; and (c) such other and further relief as this Court deems just and proper.

4. On the date hereof (the "**Petition Date**"), the Monitor commenced these proceedings by filing petitions (collectively, the "**Chapter 15 Petitions**") on behalf of the Debtors pursuant to sections 1504 and 1515 of the Bankruptcy Code, seeking recognition by this Court of the Canadian Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code (the "**Chapter 15 Cases**").

5. Additional information about the Debtors' business and operations, the events leading up to the Petition Date, and the facts and circumstances surrounding the Canadian

Proceeding and the Chapter 15 Cases are set forth in the First Day Declarations.

## RELIEF REQUESTED

6. By this Motion, the Monitor respectfully requests the entry of an order authorizing and directing the joint administration of the Chapter 15 Cases for procedural purposes only.

7. The Monitor also requests that the caption of the Chapter 15 Cases be modified to reflect the joint administration of such cases, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| Angiotech Pharmaceuticals, Inc., et al.[1] | : | Case No. 11-________(___) |
| | : | |
| | : | |
| Debtors in a Foreign Proceeding. | : | Jointly Administered |

[1] The last four digits of the United States Tax Identification Number or Canadian Business Number of the Debtors, as applicable, follow in parentheses: (i) 0741693 B.C. Ltd. (1270); (ii) Afmedica, Inc. (3293); (iii) American Medical Instruments Holdings, Inc. (1114); (iv) Angiotech America, Inc. (4001); (v) Angiotech BioCoatings Corp. (8560); (vi) Angiotech Delaware, Inc. (6401); (vii) Angiotech Florida Holdings, Inc. (9389); (viii) Angiotech International Holdings, Corp. (2274); (ix) Angiotech Pharmaceuticals, Inc. (6269); (x) Angiotech Pharmaceuticals (US), Inc. (9490); (xi) B.G. Sulzle, Inc. (4551); (xii) Manan Medical Products, Inc. (3265); (xiii) Medical Device Technologies, Inc. (3996); (xiv) NeuColl, Inc. (8863); (xv) Quill Medical, Inc. (7914); (xvi) Surgical Specialties Corporation (9848); and (xvii) Surgical Specialties Puerto Rico, Inc. The Debtors' executive headquarters' addresses are 1618 Station Street, Vancouver, BC A1 V6A 1B6, Canada, and 1633 Westlake Avenue North, Suite 400, Seattle Washington 98109.

8. In addition, the Monitor requests the Court authorize and direct that the following notation be entered on the docket for each of the Debtors' chapter 15 cases, except in the case of Angiotech Pharmaceuticals, Inc., to reflect the joint administration of these cases:

> An order has been entered in this case directing the joint administration of the chapter 15 cases of 0741693 B.C. Ltd., Case No. [__]; Afmedica, Inc., Case No. [__]; American Medical Instruments Holdings, Inc., Case No. [__]; Angiotech America, Inc., Case No. [__]; Angiotech

BioCoatings Corp., Case No. [__]; Angiotech Delaware, Inc., Case No. [__]; Angiotech Florida Holdings, Inc., Case No. [__]; Angiotech International Holdings, Corp., Case No. [__]; Angiotech Pharmaceuticals, Inc., Case No. [__]; Angiotech Pharmaceuticals (US), Inc., Case No. [__]; B.G. Sulzle, Inc., Case No. [__]; Manan Medical Products, Inc., Case No. [__]; Medical Device Technologies, Inc., Case No. [__]; NeuColl, Inc., Case No. [__]; Quill Medical, Inc., Case No. [__]; Surgical Specialties Corporation, Case No. [__]; and Surgical Specialties Puerto Rico, Inc., Case No. [__]. The docket in Case No. [__] should be consulted for all matters affecting this case.

9. Further, the Monitor requests that the Court authorize the Monitor to utilize a combined service list for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties-in-interest as applicable.

**BASIS FOR RELIEF REQUESTED**

10. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. See Fed. R. Bankr. P. 1015(b).

11. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted.

12. The Martin Declaration establishes that joint administration of the Chapter 15 Cases (i) is warranted because the Debtors' financial affairs and business operations are closely related, (ii) will ease the administrative burden of such cases on the Court and the various interested parties, and (iii) will protect creditors of different estates against potential conflicts of interest.

13. The Monitor anticipates that the various notices, motions, hearings, orders and other pleadings in the Chapter 15 Cases will affect all of the Debtors. With seventeen (17)

affiliated Debtors, each with its own chapter 15 case docket, the failure to jointly administer the Chapter 15 Cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily burden the Clerk of this Court (the "**Clerk**").

14. Joint administration will permit the Clerk to use a single docket for all of the Debtors' chapter 15 cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest in these Chapter 15 Cases by ensuring that such parties will be apprised of the various matters before the Court in all of the cases. The Monitor submits that use of the simplified caption, in the form set forth above, by all parties in interest will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 15 Cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and supervision of the administrative aspects of these cases by the Office of the United States Trustee will be simplified.

## NOTICE

16. The Monitor requests that the Court grant this Motion without notice to creditors. The Monitor proposes to notify all creditors of the filing of the Chapter 15 Petitions and the Monitor's request for entry of the Recognition Order in the form and manner set forth in the *Motion for Entry of an Order Specifying Form and Manner of Service of Notice of: (I) Filing*

*of (A) Petitions Pursuant to Chapter 15 of the Bankruptcy Code, and (B) Motion for Provisional and Final Relief In Aid of Canadian Proceeding Pursuant to Sections 105(a), 1517, 1519, 1520 and 1521 of the Bankruptcy Code; (II) Entry of Provisional Relief Order; (III) Deadline to Object to Entry of Recognition Order; and (IV) Hearing for Court to Consider Chapter 15 Petitions and Entry of Recognition Order.* In light of the nature of the relief requested herein, the Monitor submits that no other or further notice of this Motion is necessary or required.

*Remainder of page intentionally left blank.*

## CONCLUSION

WHEREFORE, the Monitor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the joint administration of the Chapter 15 Cases and granting such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
January 30, 2011

ALLEN & OVERY LLP
Ken Coleman
Lisa Kraidin
Jonathan Cho
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

- and -

BUCHANAN INGERSOLL & ROONEY PC

Mary Caloway
Mary F. Caloway (No. 3059)
Mona A. Parikh (No. 4901)
1105 North Market Street, Suite 1900
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
mary.caloway@bipc.com

*Attorneys to Alvarez and Marsal Canada Inc., as Monitor and Foreign Representative of the Debtors*

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| Angiotech Pharmaceuticals, Inc., | : | Case No. 11-____________(____) |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | Chapter 15 |
| 0741693 B.C. Ltd., | : | Case No. 11-____________(____) |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | Chapter 15 |
| Afmedica, Inc., | : | Case No. 11-____________(____) |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | Chapter 15 |
| American Medical Instruments Holdings, Inc., | : | Case No. 11-____________(____) |
| Debtor in a Foreign Proceeding. | : | |
| In re | : | Chapter 15 |
| Angiotech America, Inc., | : | Case No. 11-____________(____) |
| Debtor in a Foreign Proceeding. | : | |

---------------------------------------------------------------- x

In re : Chapter 15

Angiotech BioCoatings Corp., : Case No. 11-__________ (___)

Debtor in a Foreign Proceeding.

---------------------------------------------------------------- x

In re : Chapter 15

Angiotech Delaware, Inc., : Case No. 11-__________ (___)

Debtor in a Foreign Proceeding.

---------------------------------------------------------------- x

In re : Chapter 15

Angiotech Florida Holdings, Inc., : Case No. 11-__________ (___)

Debtor in a Foreign Proceeding.

---------------------------------------------------------------- x

In re : Chapter 15

Angiotech International Holdings, Corp., : Case No. 11-__________ (___)

Debtor in a Foreign Proceeding.

---------------------------------------------------------------- x

In re : Chapter 15

Angiotech Pharmaceuticals (US), Inc., : Case No. 11-__________ (___)

Debtor in a Foreign Proceeding.

---------------------------------------------------------------- x

| | |
|---|---|
| In re | Chapter 15 |
| B.G. Sulzle, Inc., | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | |

| | |
|---|---|
| In re | Chapter 15 |
| Manan Medical Products, Inc., | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | |

| | |
|---|---|
| In re | Chapter 15 |
| Medical Device Technologies, Inc., | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | |

| | |
|---|---|
| In re | Chapter 15 |
| NeuColl Inc., | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | |

| | |
|---|---|
| In re | Chapter 15 |
| Quill Medical, Inc., | Case No. 11-__________(___) |
| Debtor in a Foreign Proceeding. | |

| | | |
|---|---|---|
| In re<br><br>Surgical Specialties Corporation,<br><br>Debtor in a Foreign Proceeding. | : | Chapter 15<br><br>Case No. 11-__________(___) |
| In re<br><br>Surgical Specialties Puerto Rico, Inc.,<br><br>Debtor in a Foreign Proceeding. | : | Chapter 15<br><br>Case No. 11-__________(___)<br><br>Ref. Docket No. ____ |

# ORDER AUTHORIZING JOINT ADMINISTRATION

Upon consideration of the motion (the "**Motion**")[1] of Alvarez & Marsal Canada Inc. in its capacity as the duly authorized monitor and court-appointed foreign representative (the "**Monitor**") for the above-captioned debtors (collectively, the "**Debtors**")[2] in a proceeding under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Supreme Court of British Columbia, for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, Rule 1015(b) of the Federal Rules of Bankruptcy

---

1 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2 The last four digits of the United States Tax Identification Number or Canadian Business Number of the Debtors, as applicable, follow in parentheses: (i) 0741693 B.C. Ltd. (1270); (ii) Afmedica, Inc. (3293); (iii) American Medical Instruments Holdings, Inc. (1114); (iv) Angiotech America, Inc. (4001); (v) Angiotech BioCoatings Corp. (8560); (vi) Angiotech Delaware, Inc. (6401); (vii) Angiotech Florida Holdings, Inc. (9389); (viii) Angiotech International Holdings, Corp. (2274); (ix) Angiotech Pharmaceuticals, Inc. (6269); (x) Angiotech Pharmaceuticals (US), Inc. (9490); (xi) B.G. Sulzle, Inc. (4551); (xii) Manan Medical Products, Inc. (3265); (xiii) Medical Device Technologies, Inc. (3996); (xiv) NeuColl, Inc. (8863); (xv) Quill Medical, Inc. (7914); (xvi) Surgical Specialties Corporation (9848); and (xvii) Surgical Specialties Puerto Rico, Inc. The Debtors' executive headquarters' addresses are 1618 Station Street, Vancouver, BC A1 V6A 1B6, Canada, and 1633 Westlake Avenue North, Suite 400, Seattle Washington 98109.

Procedure, and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, authorizing and directing the joint administration of the Debtors' Chapter 15 Cases for procedural purposes only; and upon consideration of the Martin Declaration; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates and creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted.

2. The Chapter 15 Cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' chapter 15 estates..

4. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| Angiotech Pharmaceuticals, Inc., et al.[1] | : | Case No. 11-__________ (___) |
| | : | |
| | : | |
| Debtors in a Foreign Proceeding. | : | Jointly Administered |

[1] The last four digits of the United States Tax Identification Number or Canadian Business Number of the Debtors, as applicable, follow in parentheses: (i) 0741693 B.C. Ltd. (1270); (ii) Afmedica, Inc. (3293); (iii) American Medical Instruments Holdings, Inc. (1114); (iv) Angiotech America, Inc. (4001); (v) Angiotech BioCoatings Corp. (8560); (vi) Angiotech Delaware, Inc. (6401); (vii) Angiotech Florida Holdings, Inc. (9389); (viii) Angiotech International Holdings, Corp. (2274); (ix) Angiotech Pharmaceuticals, Inc. (6269); (x) Angiotech Pharmaceuticals (US), Inc. (9490); (xi) B.G. Sulzle, Inc. (4551); (xii) Manan Medical Products, Inc. (3265); (xiii) Medical Device Technologies, Inc. (3996); (xiv) NeuColl, Inc. (8863); (xv) Quill Medical, Inc. (7914); (xvi) Surgical Specialties Corporation (9848);

and (xvii) Surgical Specialties Puerto Rico, Inc. The Debtors' executive headquarters' addresses are 1618 Station Street, Vancouver, BC A1 V6A 1B6, Canada, and 1633 Westlake Avenue North, Suite 400, Seattle Washington 98109.

5. A docket entry shall be made in each of the Debtors' chapter 15 cases, except in the case of Angiotech Pharmaceuticals, Inc., as follows:

> An order has been entered in this case directing the joint administration of the chapter 15 cases of 0741693 B.C. Ltd., Afmedica, Inc., Case No. [__]; American Medical Instruments Holdings, Inc., Case No. [__]; Angiotech America, Inc., Case No. [__]; Angiotech BioCoatings Corp., Case No. [__]; Angiotech Delaware, Inc., Case No. [__]; Angiotech Florida Holdings, Inc., Case No. [__]; Angiotech International Holdings, Corp., Case No. [__]; Angiotech Pharmaceuticals, Inc., Case No. [__]; Angiotech Pharmaceuticals (US), Inc., Case No. [__]; B.G. Sulzle, Inc., Case No. [__]; Manan Medical Products, Inc., Case No. [__]; Medical Device Technologies, Inc., Case No. [__]; NeuColl, Inc., Case No. [__]; Quill Medical, Inc., Case No. [__]; Surgical Specialties Corporation, Case No. [__]; and Surgical Specialties Puerto Rico, Inc., Case No. [__]. The docket in Case No. [__] should be consulted for all matters affecting this case.

6. The Monitor is hereby authorized to (i) utilize a combined service list for the Debtors' jointly administered cases, and (ii) send combined notices to creditors for the Debtors' estates and other parties in interest as applicable.

7. The Monitor is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

8. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
____________, 2011

______________________________
UNITED STATES BANKRUPTCY JUDGE