IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re                                                   :  Chapter 15
                                                        :
Angiotech Pharmaceuticals, Inc., et al.[1]              :  Case No.: 11-10269 (KG)
                                                        :
                                                        :  Jointly Administered
Debtors in a Foreign Proceeding.                        :
------------------------------------------------------- x  Ref. Docket No. 7
```

## ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTIONS 105(a), 1519, 1520, AND 1521 OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "**Motion**")[2] of Alvarez & Marsal Canada Inc. (the "**Monitor**"), in its capacity as the court-appointed monitor and authorized foreign representative for the above-captioned debtors (collectively, the "**Debtors**") in a proceeding (the "**Canadian Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Supreme Court of British Columbia (the "**Canadian Court**"), pursuant to sections 105(a), 1517, 1519, 1520, and 1521 of title 11 of the United States Code (the "**Bankruptcy Code**"), seeking: (a) entry of this provisional order (this "**Provisional Relief Order**") applying sections 362 and 365(e) of the Bankruptcy Code in these chapter 15 cases, pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code; (b) entry

---

[1] The last four digits of the United States Tax Identification Number or Canadian Business Number of the Debtors, as applicable, follow in parentheses: (i) 0741693 B.C. Ltd. (1270); (ii) Afmedica, Inc. (3293); (iii) American Medical Instruments Holdings, Inc. (1114); (iv) Angiotech America, Inc. (4001); (v) Angiotech BioCoatings Corp. (8560); (vi) Angiotech Delaware, Inc. (6401); (vii) Angiotech Florida Holdings, Inc. (9389); (viii) Angiotech International Holdings, Corp. (2274); (ix) Angiotech Pharmaceuticals, Inc. (6269); (x) Angiotech Pharmaceuticals (US), Inc. (9490); (xi) B.G. Sulzle, Inc. (4551); (xii) Manan Medical Products, Inc. (3265); (xiii) Medical Device Technologies, Inc. (3996); (xiv) NeuColl, Inc. (8863); (xv) Quill Medical, Inc. (7914); (xvi) Surgical Specialties Corporation (9848); and (xvii) Surgical Specialties Puerto Rico, Inc. (3379). The Debtors' executive headquarters' addresses are 1618 Station Street, Vancouver, BC A1 V6A 1B6, Canada, and 1633 Westlake Ave N., Suite 400, Seattle, WA 98109.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

of a final order (the "**Recognition Order**") after notice and a hearing (i) granting the petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Initial Order, including any extensions or amendments thereof authorized by the Canadian Court, and (iii) granting the Debtors' postpetition lenders certain protections afforded by the Bankruptcy Code; and (c) granting such other and further relief as this Court deems just and proper; and upon the First Day Declarations and the Memorandum of Law; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 15 Cases and the Motion in this District is proper pursuant to 28 U.S.C. § 1410(1); and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be given under the circumstances; and upon the record of the hearing on the Motion; and the Court having found and determined that the relief sought in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

1) There is a substantial likelihood that the Monitor will be able to demonstrate that the Debtors are subject to a foreign main proceeding and that the Chapter 15 Cases were properly commenced by a properly-appointed foreign representative;

2) The commencement or continuation of any action or proceeding in the United States with respect to the Debtors or any of the Debtors' assets or proceeds thereof should be enjoined pursuant to sections 105(a), 362, and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtors' assets and recapitalization in the Canadian Proceeding, and the relief requested either will not cause an undue hardship, or any hardship to parties in interest is outweighed by the benefits of the relief requested in the Motion;

3) Unless the automatic stay is applied in these Chapter 15 Cases, there is a material risk that the Debtors' assets in the United States could be subject to efforts by creditors or other parties in interest to control or possess such assets. Such acts could: (a) interfere with and cause harm to the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to the Debtors' efforts to administer their assets and reorganize pursuant to the Canadian Proceeding; and (c) undermine the Monitor's efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury for which they will have no adequate remedy at law and therefore it is necessary that the Court enter this Provisional Relief Order;

4) The Monitor has demonstrated that without the protection of section 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of the Debtors' contracts may take the position that the commencement of the Canadian Proceeding or the Chapter 15 Cases authorizes them to terminate such contracts or accelerate obligations thereunder. Such termination or acceleration will severely impair the Debtors' restructuring efforts and result in irreparable damage to the value of the Debtors' estates and substantial harm to the Debtors' creditors and other parties in interest.

5) The Monitor has demonstrated that no injury will result to any party that is greater than the harm to the Debtors' business, assets, and property in the absence of the requested relief; and

6) The interests of the public will be served by this Court's entry of this Provisional Relief Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted.

2. Pending disposition of the petitions and the motion for a final order (the "**Recognition Date**"), pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 of the Bankruptcy Code is applicable to the Debtors and the property of the Debtors within the territorial jurisdiction of the United States in the Chapter 15 Cases; provided, however, that nothing in this paragraph 2 shall limit, abridge, or otherwise effect: (a) the rights afforded the agent and other lenders under (i) the Draft DIP Credit Agreement, (ii) the DIP

3

Credit Agreement, and/or (iii) the Wells Fargo Credit Agreement (collectively, the "**Lenders**"), as modified on the attachment hereto pursuant to paragraphs 48(b) and (c) of the Initial Order; (b) the Debtors' authorization under paragraph 13(a) of the Initial Order to make all such payments as may be or may become due and owing under the Wells Fargo Credit Agreement as required pursuant to the terms of the Definitive Documents and contemplated by the Cash Flow Budget (each as defined in the Initial Order); and (c) the Debtors' authorization to make certain payments as permitted in the Initial Order and subject to the terms and conditions set forth therein, as modified on the attachment hereto.

3. Paragraphs 48(b) and (c) of the Initial Order, as modified on the attachment hereto, are incorporated herein by reference and given full force and effect in the United States through the Recognition Date.

4. Section 365(e) of the Bankruptcy Code is applicable to the Debtors in these Chapter 15 Cases. Any provision of the type described in section 365(e)(1) is unenforceable against the Debtors until such time as an order disposing of the Chapter 15 Petitions is entered.

5. Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding against any party to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

6. The Monitor, in connection with its appointment as the foreign representative, is entitled to the protections and rights available pursuant to sections 1519(a)(1) and (a)(3) of the Bankruptcy Code, to the extent such relief is not inconsistent with the Initial Order.

7. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Provisional Relief Order. The security provisions of

4

Rule 65(c) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7065, are waived.

8. Notice of: (a) the filing of the Chapter 15 Petitions and the Motion; (b) this Court's entry of this Provisional Relief Order; (c) the deadline to object to this Court's entry of the Recognition Order; and (d) the hearing for this Court to consider the Chapter 15 Petitions and entry of the Recognition Order, shall be served in accordance with the order (the "**Notice Order**") of this Court approving the *Motion for Entry of an Order Specifying Form and Manner of Service of Notice of: (I) Filing of (A) Petitions Pursuant to Chapter 15 of the Bankruptcy Code, and (B) Motion for Provisional and Final Relief In Aid of Canadian Proceeding Pursuant to Sections 105(a), 1517, 1519, 1520 and 1521 of the Bankruptcy Code; (II) Entry of Provisional Relief Order; (III) Deadline to Object to Entry of Recognition Order; and (IV) Hearing for Court to Consider Chapter 15 Petitions and Entry of Recognition Order*. Service of the Chapter 15 Petitions, the Motion and this Provisional Relief Order (the "**Petition Documents**") in accordance with the Notice Order shall constitute due and sufficient notice of the Petition Documents and any relief of this Court associated therewith.

9. The Petition Documents shall also be made publicly available by the Monitor on its website at www.alvarezandmarsal.com/angiotech or upon request at the offices of its counsel, Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Jonathan Cho, Esq.

10. A hearing to consider entry of the Recognition Order shall be held on February 22, 2011 at 1:30 p.m. (prevailing Eastern Time) (the "**Recognition Hearing**"). Any responses or objections to the Chapter 15 Petitions or the entry of the Recognition Order shall (a) be made in writing, describe the basis therefore, and indicate the

5

nature and extent of the respondent's interests in the Debtors' cases, and (b) be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and served upon: (A) co-counsel for the Monitor: (i) Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Ken Coleman, Esq. and Lisa Kraidin, Esq.; (ii) Buchanan Ingersoll & Rooney PC, 1105 North Market Street, Suite 1900, Wilmington, Delaware 19801, Attn: Mary Caloway, Esq. and Mona A. Parikh, Esq.; and (iii) Fasken Martineau DuMoulin LLP, 2900-550 Burrard Street, Vancouver, British Columbia, Canada, V6C 0A3, Attn: John F. Grieve (B) co-counsel for the Debtors (i) Osler, Hoskin & Harcourt LLP, 100 King Street West, 1 First Canadian Place, Suite 6100, P.O. Box 50, Toronto Ontario, Canada, M5X 1B8, Attn: Marc Wasserman, Esq. and Jeremy Dacks, Esq.; and (ii) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York, 10019, Attn: Marc Abrams, Esq. and Shaunna D. Jones, Esq.: (C) co-counsel for the Consenting Noteholders (i) Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, California 90071, Attn: Peter M. Gilhuly, Esq.; and (ii) Goodmans LLP, Bay Adelaide Centre, 333 Bay Street, Suite 3400, Toronto, Ontario M5H2S7, Canada, Attn: Robert Chadwick, Esq. and Celia Rhea, Esq.; and (D) co-counsel for the Lenders (i) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Michael M. Mezzacappa, Esq. and Lawrence V. Gelber, Esq.; and (ii) Blake, Cassels & Graydon LLP, 595 Burrard Street, P.O. Box 49314, Suite 2600, Three Bentall Centre, Vancouver, British Columbia V7X 1L3, Canada, Attn: William C. Kaplan, Esq.; and 199 Bay Street, Suite 2800, Commerce Court West, Toronto, Ontario M5L 1A9, Canada, Attn: Milly Chow, Esq., on or before **4:00 p.m. (prevailing Eastern Time) on** *FEBRUARY 15*, **2011.**

11. The date and time of the Recognition Hearing, in the Monitor's sole discretion, may be adjourned to a subsequent date without further notice except for an in-court announcement on the record at the Recognition Hearing, or a filing by the Monitor on the docket of the Chapter 15 Cases, of the date and time to which the Recognition Hearing has been adjourned.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Provisional Relief Order shall be effective immediately and enforceable upon its entry and shall remain effective until either (i) entry of an order recognizing the Canadian Proceeding and, pursuant to section 1521(a)(6), extending the relief granted herein, or (ii) entry of an order denying recognition to the Canadian Proceeding; (b) neither the Monitor nor the Lenders (to the extent provided in paragraph 2 above) are subject to any stay in the implementation, enforcement or realization of the relief granted in this Provisional Relief Order; and (c) the Monitor is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Provisional Relief Order.

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Provisional Relief Order.

Dated: Wilmington, Delaware
       January 31, 2011

                                                UNITED STATES BANKRUPTCY JUDGE