# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re

Angiotech Pharmaceuticals, Inc., et al.[1]

Debtor in a Foreign Proceeding.

------------------------------------------------------------ x

: Chapter 15
:
: Case No. ~~11-10029 (KG)~~ 11-10269
:
: Jointly Administered
:
: **Ref. Docket Nos. 1 and 7**

## ORDER GRANTING FINAL RELIEF IN AID OF CANADIAN PROCEEDING PURSUANT TO SECTIONS 105(a), 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE

Upon consideration of the Verified Petitions commencing these cases and the motion (the "**Motion**")[2] of Alvarez & Marsal Canada Inc. (the "**Monitor**"), in its capacity as the court-appointed monitor and authorized foreign representative of the above-captioned debtors (collectively, the "**Debtors**") in a proceeding (the "**Canadian Proceeding**") under *Canada's Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Supreme Court of British Columbia (the "**Canadian Court**"), pursuant to sections 105(a), 1517, 1519, 1520, and 1521 of title 11 of the United States Code (the "**Bankruptcy Code**"), seeking: (a) entry of a provisional order (the "**Provisional Relief Order**") applying sections 362 and 365(e) of the Bankruptcy Code in these chapter 15 cases, pursuant to sections 1519(a)(3),

---

[1]  The last four digits of the United States Tax Identification Number or Canadian Business Number of the Debtors, as applicable, follow in parentheses: (i) 0741693 B.C. Ltd. (1270); (ii) Afmedica, Inc. (3293); (iii) American Medical Instruments Holdings, Inc. (1114); (iv) Angiotech America, Inc. (4001); (v) Angiotech BioCoatings Corp. (8560); (vi) Angiotech Delaware, Inc. (6401); (vii) Angiotech Florida Holdings, Inc. (9389); (viii) Angiotech International Holdings, Corp. (2274); (ix) Angiotech Pharmaceuticals, Inc. (6269); (x) Angiotech Pharmaceuticals (US), Inc. (9490); (xi) B.G. Sulzle, Inc. (4551); (xii) Manan Medical Products, Inc. (3265); (xiii) Medical Device Technologies, Inc. (3996); (xiv) NeuColl, Inc. (8863); (xv) Quill Medical, Inc. (7914); (xvi) Surgical Specialties Corporation (9848); and (xvii) Surgical Specialties Puerto Rico, Inc. (3379). The Debtors' executive headquarters' addresses are 1618 Station Street, Vancouver, BC A1 V6A 1B6, Canada, and 1633 Westlake Ave N., Suite 400, Seattle, WA 98109.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1521(a)(7), and 105(a) of the Bankruptcy Code; (b) entry of this final order (this "**Recognition Order**") after notice and a hearing (i) granting the petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Initial Order, including any extensions or amendments thereof authorized by the Canadian Court, and (iii) granting the Debtors' postpetition lenders certain protections afforded by the Bankruptcy Code; and (c) such other and further relief as this Court deems just and proper; and upon the First Day Declarations and the Memorandum of Law; and upon the Order Granting Provisional Relief Pursuant to Sections 105(a), 1519, 1520 and 1521 of the Bankruptcy Code Docket No. 26 (the "**Provisional Relief Order**") previously entered by this Court; and the Court having considered the *Limited Objection of the Affected FRN Holders to the Motion for Final Relief in Aid of Canadian Proceeding* (the "**FRN Objection**"), the *United States' Objection to the Motion to Approve Final Relief in Aid of Canadian Proceeding*, and the *Limited Objection by the United States to Motion for Provisional and Final Relief in Aid of Canadian Proceedings and Motion for Extension of Time*, and the *Response of the Monitor*, the accompanying *Declaration of John F. Grieve* in support of the *Response of the Monitor*, and the *Debtors' Response and Joinder to Response of Monitor* filed in response to the FRN Objection; and any objections to the Motion that have not been withdrawn or resolved having been overruled; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 15 Cases and the Motion in this District is proper pursuant to 28 U.S.C. § 1410(1); and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given under the circumstances; and

upon the record of the hearing on the Motion; and the Court having found and determined that

the relief sought in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy

Code and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, the Court finds

and concludes as follows:

(i)     The Monitor is a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of each of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

(ii)    The Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

(iii)   The Chapter 15 Petitions meet the requirements of section 1515 of the Bankruptcy Code.

(iv)    The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

(v)     The Canadian Proceeding pending in the Canadian Court, in the location that is the Debtors' center of main interest, constitutes a foreign main proceeding pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

(vi)    The Monitor as a foreign representative is entitled, to the extent not inconsistent with the Initial Order, to all of the relief provided pursuant to section 1520 on the Bankruptcy Code.

(vii)   The Monitor has demonstrated that the borrowing authorized by the Initial Order is necessary to prevent a deterioration of value, which could result in significantly decreased recovery for the Debtors' creditors.

(viii)  The Monitor has demonstrated that the terms of the postpetition financing (the "**DIP Facility**") and the Credit Agreement (the "**DIP Credit Agreement**") entered into by and among Debtors and the agent and lenders that are party thereto (collectively, the "**DIP Lender**"), as approved in the Initial Order (in draft form), are fair and reasonable and were entered into in good faith by the Debtors and the DIP Lender and that the DIP Lender would not extend financing without the protection

provided by section 364(e) of the Bankruptcy Code, as made applicable by section 1521(a)(7) of the Bankruptcy Code.

(ix)    The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to section 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted.

2.    The Petitions are granted and the Canadian Proceeding is hereby recognized as a "foreign main proceeding" pursuant to section 1517(b)(1) of the Bankruptcy Code.

3.    The Initial Order, including any extensions or amendments thereto, is hereby enforced on a final basis and given full force and effect in the United States.

4.    All relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted without limitation. Specifically, the automatic stay provisions of section 362, except as expressly provided otherwise in paragraphs 48(b) and (c) of the Initial Order, and the provisions of section 363 of the Bankruptcy Code apply with respect to the Debtors and any property of the Debtors that is within the territorial jurisdiction of the United States throughout the duration of these chapter 15 cases or until otherwise ordered by this Court.

5.    Pursuant to section 1521(a)(6) of the Bankruptcy Code, all other prior relief granted pursuant to the Provisional Relief Order pursuant to section 1519(a) of the Bankruptcy Code is hereby extended on a final basis.

6.    Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding against any party to the extent set forth in sections 362(b) or 1521(d) of the Bankruptcy Code.

7.     Pursuant to the Initial Order, the Debtors are hereby authorized and empowered to enter into the DIP Credit Agreement, substantially in the form attached to the Motion as Exhibit A, and are authorized and empowered to borrow, repay, and reborrow up to $28 million from the DIP Facility under and in accordance with the terms of the DIP Credit Agreement.

8.     The Debtors are hereby authorized and empowered to execute and deliver such credit agreements, mortgages, charges, hypothecs and security documents, guarantees and other definitive documents (collectively, the "**Definitive Documents**") as are contemplated by the DIP Credit Agreement or as may be reasonably required by the DIP Lender pursuant to the terms thereof, and the Debtors are hereby authorized and directed to pay and perform all of their indebtedness, interest, fees, liabilities, and obligations to the DIP Lender under and pursuant to the DIP Credit Agreement and the Definitive Documents, including, but not limited to, the fees and expenses of the DIP Lender's Canadian and United States counsel, and other advisors, as and when the same become due and are to be performed, notwithstanding any other provision of this Order.

9.     Pursuant to section 364 of the Bankruptcy Code and subject to the priorities, terms, and conditions of the Initial Order, to secure current and future amounts outstanding under the DIP Credit Agreement, the DIP Lender is hereby granted the DIP Lender's Charge on all of the Debtors' United States assets in the maximum amount of all DIP Obligations (as defined in the Initial Order) outstanding under the DIP Facility at any given time.

10.     Any obligations incurred by the Debtors as a result of entering into or performing their obligations under the DIP Credit Agreement do not and will not constitute

preferences, fraudulent conveyances or transfers, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

11.     The Definitive Documents have been negotiated in good faith and at arms' length between the Debtors and the DIP Lender.  Any financial accommodations made to the Debtors by the DIP Lender pursuant to the Initial Order and the Definitive Documents shall be deemed to have been made by the DIP Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code.  Accordingly, pursuant to sections 105(a) and 1521(a)(7) of the Bankruptcy Code, section 364(e) of the Bankruptcy Code hereby applies for the benefit of the DIP Lender, and the validity of the indebtedness, and the priority of the liens authorized by the Initial Order made enforceable in the United States by this Recognition Order, shall not be affected by any reversal or modification of this Recognition Order on appeal or the entry of an order denying recognition of the Canadian Proceeding pursuant to section 1517 of the Bankruptcy Code.

12.     Notwithstanding any other provision of this Order:  (a) the DIP Lender may take such steps from time to time as it may deem necessary or appropriate to file, register, record or perfect the DIP Lender's Charge or any of the Definitive Documents; provided, however, that the DIP Lender's Charge shall be and hereby is deemed a fully perfected lien and security interest, effective and perfected upon entry of this Recognition Order without the necessity of execution by the Debtors of mortgages, security agreements, pledge agreements, financing agreements, financing statements, and other agreements or instruments, such that no additional steps need be taken by the DIP Lender to perfect the DIP Lender's Charge; (b) the DIP Lender may cease making advance payments to the Debtors in accordance with, and as provided in, the DIP Credit Agreement; (c) upon the occurrence of an event of default under the

DIP Credit Agreement, or the DIP Lender's Charge, the DIP Lender and/or agent and the lenders under the Wells Fargo Credit Agreement (as defined in the Initial Order), may, upon five days' notice to the Debtors and the Monitor, (i) exercise any and all of its, or their, rights and remedies against the Debtors or the Property (as defined in the Initial Order) under or pursuant to the Wells Fargo Credit Agreement, the DIP Credit Agreement, the Definitive Documents and the DIP Lender's Charge, including without limitation, to set-off and/or consolidate any amounts owing to the DIP Lenders and/or the agents and lenders under the Wells Fargo Credit Agreement by the Debtors against the DIP Obligations (as defined in the Initial Order), the Definitive Documents, the DIP Lender's Charge or the Obligations under the Wells Fargo Creditor Agreement, to make demand, accelerate payment and give other notices or to apply to court for the appointment of a receiver, receiver manager or interim receiver, or for a bankruptcy order against the Debtors and for the appointment of a trustee in bankruptcy of the Debtors; and (ii) the DIP Lender, the agent and lenders under the Wells Fargo Credit Agreement shall be entitled to seize and retain proceeds from the sale of the Property and the cash flow of the Debtors to repay amounts owing to the lenders under the Wells Fargo Credit Agreement and the DIP Lender under the DIP Facility in each case, in accordance with the Definitive Documents and the DIP Lender's Charge, but subject to the priorities as set out in paragraphs 55 and 57 of the Initial Order. The foregoing rights and remedies of the DIP Lender and the agent and lenders under the Wells Fargo Credit Agreement in this paragraph 11 shall be enforceable against any trustee in bankruptcy, interim receiver, receiver or receiver and manager of the Debtors or the Property.

13.    No action taken by the Monitor, the Debtors, or each of their successors, agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian

Proceeding, this Recognition Order, or the Chapter 15 Cases or any adversary proceeding therein, or any further proceeding commenced thereunder, shall be deemed to constitute a waiver of the immunity afforded such person under sections 306 and 1510 of the Bankruptcy Code.

14.     The Chapter 15 Petitions, the Motion, the Provisional Relief Order and this Recognition Order shall be made publicly available by the Monitor on its website at www.alvarezandmarsal.com/angiotech or upon request to its counsel, Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn. Jonathan Cho, Esq.

15.     Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Recognition Order shall be effective immediately and enforceable upon its entry; (b) neither the Monitor, nor the DIP Lender, nor the agent and lenders under the Wells Fargo Credit Agreement (to the extent provided in paragraphs 48(b) and (c) of the Initial Order), is subject to any stay in the implementation, enforcement or realization of the relief granted in this Recognition Order; and (c) the Monitor is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Recognition Order.

16.     This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Recognition Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Recognition Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: Wilmington, Delaware
       FEB. 22 , 2011

17. See rider attached
   , hereto.

_____
UNITED STATES BANKRUPTCY JUDGE