IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | x | |
|---|---|---|
| In re | : | Chapter 15 |
| | : | |
| Angiotech Pharmaceuticals, Inc., et al.[1] | : | Case No. 11-10269 (KG) |
| | : | |
| | : | Jointly Administered |
| Debtors in a Foreign Proceeding. | : | |
| | x | Ref. Docket No. 108 |

### ORDER RECOGNIZING AND ENFORCING THE ORDER OF THE CANADIAN COURT SANCTIONING AND APPROVING THE CCAA PLAN

Upon consideration of the motion (the "**Motion**")[2] of Alvarez & Marsal Canada Inc., in its capacity as the duly authorized monitor and court-appointed foreign representative (the "**Monitor**") for the above-captioned debtors (collectively, the "**Debtors**") in a proceeding (the "**Canadian Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), pending before the Supreme Court of British Columbia (the "**Canadian Court**"), for the entry of an order, pursuant to sections 105(a), 1507, 1525 and 1527 of title 11 of the United States Code (the "**Bankruptcy Code**"), recognizing and giving full force and effect in the United States to the order entered by the Canadian Court sanctioning, approving and enforcing the CCAA Plan (the "**Sanction Order**"); and due and sufficient notice of the Motion and the Sanction Order having been given; and it appearing that no other or further notice need be provided; and the

---

[1] The last four digits of the United States Tax Identification Number or Canadian Business Number of the Debtors, as applicable, follow in parentheses: (i) 0741693 B.C. Ltd. (1270); (ii) Afmedica, Inc. (3293); (iii) American Medical Instruments Holdings, Inc. (1114); (iv) Angiotech America, Inc. (4001); (v) Angiotech BioCoatings Corp. (8560); (vi) Angiotech Delaware, Inc. (6401); (vii) Angiotech Florida Holdings, Inc. (9389); (viii) Angiotech International Holdings, Corp. (2274); (ix) Angiotech Pharmaceuticals, Inc. (6269); (x) Angiotech Pharmaceuticals (US), Inc. (9490); (xi) B.G. Sulzle, Inc. (4551); (xii) Manan Medical Products, Inc. (3265); (xiii) Medical Device Technologies, Inc. (3996); (xiv) NeuColl, Inc. (8863); (xv) Quill Medical, Inc. (7914); (xvi) Surgical Specialties Corporation (9848); and (xvii) Surgical Specialties Puerto Rico, Inc. The Debtors' executive headquarters' addresses are 1618 Station Street, Vancouver, BC A1 V6A 1B6, Canada, and 1633 Westlake Avenue North, Suite 400, Seattle Washington 98109.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

Court having held a hearing to consider the Monitor's request for the relief set forth in the Motion; and no objections to the Motion having been filed or all such objections having been resolved or overruled; and the Court having found and determined that the relief sought in the Motion is consistent with the purposes of chapter 15 of the Bankruptcy Code; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and other parties in interest in these cases; and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

(a) The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code.

(b) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

(c) Venue is proper in this District pursuant to 28 U.S.C. § 1401(1).

(d) On April 6, 2011, the Canadian Court granted the Sanction Order.

(e) The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to section 1507 of the Bankruptcy Code, and will not cause hardship to any party in interest that is not outweighed by the benefits of the relief granted herein.

(f) The relief granted herein will, in accordance with section 1507(b) of the Bankruptcy Code, reasonably assure: (i) just treatment of all holders of claims against or interests in the Debtors' property; (ii) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in the Canadian Proceeding; (iii) prevention of preferential or fraudulent dispositions of property of the Debtors; (iv) distribution of proceeds of the Debtors' property substantially in accordance with the order prescribed in the Bankruptcy Code; and (v) an opportunity for a fresh start for the Debtors.

(g) The public interest will be served by the relief granted herein.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted.

2. The Sanction Order, a copy of which is annexed hereto as <u>Exhibit 1</u>, is hereby fully recognized and given full force and effect in the United States, provided, however, that no assets, including cash, located in the United States as of April 1, 2011 will be used to pay Affected Claims under the CCAA Plan. Such relief is warranted pursuant to section 1507 of the Bankruptcy Code and will not cause hardship to any party in interest that is not outweighed by the benefits of the relief granted herein.

3. Notwithstanding any provisions in the Federal Rules of Bankruptcy Procedure to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; and (b) neither the Monitor nor the Debtors are subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

4. The Monitor and the Debtors are authorized and empowered to, and may in their discretion and without any delay, take any such steps or perform such actions as may be necessary to effectuate the terms of this Order.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
       APRIL 7, 2011

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE